884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 900
(Edwina MENDOZA) Petitioner,
v.
ARMY RESERVE PERSONNEL CENTER, Respondent.
 No. 89-3175.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Appeal from the arbitrator's award, Federal Mediation and Conciliation Service # 88-07863 (December 30, 1988), sustaining four of the charges made against Mendoza by the Army Reserve Personnel Center and mitigating her penalty. We affirm.
 
 OPINION
 
 2
 It is undisputed by the parties that the arbitrator's award--"reinstated, without backpay, but with full unbroken seniority and all rights"--could not be literally implemented without violating Office of Personnel Management personnel regulations. It is apparent, however, that the arbitrator was aware that he could not award more than the regulations would permit and that he did not intend to do so. When advised of the impediment to literal compliance with the award, he indicated:
 
 
 3
 The reinstatement must be in accordance with applicable federal regulations. A reading of the regulations cited to the Arbitrator indicate that the length of her non-pay status has an impact on the Grievant. The Grievant must, therefore, be reinstated in accordance with applicable regulations. Obviously the Arbitrator cannot fashion an award which would violate government wide regulations recognized as binding by both sides.
 
 
 4
 Given this interpretation of the award, we see no reason to modify it or to impede its implementation. See 5 U.S.C. Sec. 7703(c) (1982). Accordingly, Mendoza is to be reinstated, without back pay, but with all rights, including seniority, to the fullest extent allowed by applicable regulations.
 
 
 5
 Mendoza has asserted that she is entitled to an award of back pay for the period from January 6, 1989 through January 23, 1989. This is an enforcement issue which has not been previously raised or decided and we decline to consider it for the first time on appeal.